**Melanie S. DICKSON and Mercantile-Safe Deposit and Trust Company, Executors of the Last Will and Testament of Isaac C. Dickson, deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 15334.

United States District Court
D. Maryland.

April 2, 1965.

John H. Somerville, Hinkley & Singley, Baltimore, Md., for plaintiffs.

Thomas J. Kenney, U. S. Atty., for the Dist. of Maryland, Baltimore, Md., for defendant.

MICHIE, District Judge.

This case comes to me on the Government's motion for summary judgment, both parties agreeing that the facts are not in dispute.

The issue in question is whether a monthly bequest to a decedent's widow, given to her by the express language of

the will for the period up to the executors' final accounting and settlement of the estate, qualifies for the estate tax marital deduction or constitutes a nondeductible terminable interest.

The facts are few and clear. Isaac Dickson died testate on August 26, 1960 survived by his widow Melanie Dickson. The will, admitted to probate on September 9, 1960, provided in the third article that:

> "I authorize and direct my Executors hereinafter named to pay unto my wife, Melanie S. Dickson, provided that she survives me, the sum of Five Hundred Dollars ($500.00) per month, to be paid from my estate from and immediately after my death and thereafter until my said Executors render their final accounting and make settlement of my estate in the Orphans' Court of Baltimore City."

Under this provision the widow was paid for fifteen months, making a total sum so paid of $7,500. This sum was taken on the estate tax return as a part of the marital deduction. The $7,500 deduction was subsequently denied upon audit by the Internal Revenue Service. The estate was assessed a tax deficiency of $2428.36 attributable to the disallowance of this deduction which it paid and then brought this action for recovery of that sum, alleging that it was improperly assessed and collected.

The Government, in its brief, argues that the bequest of the monthly payments pending final settlement of the estate was a bequest of a terminable interest and cannot be considered a part of the marital deduction. Section 2056(b) of the Internal Revenue Code of 1954 does not permit inclusion in the marital deduction of an interest passing to a surviving spouse which will terminate on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur. I agree with the reasoning set out in the Government's brief with respect to its characterization of the purpose of Section 2056. I also agree that in this case the interest taken by the widow must be characterized as of the date of the decedent's death. However, I do not agree with the Government's conclusion that Mrs. Dickson's interest in the $500 monthly payments would have terminated had she died prior to final settlement of her husband's estate and thus constituted a terminable interest.

■ The language of the decedent's will does not clearly and unambiguously establish that decedent's intention was to give a bequest to his wife conditioned upon her continued life as the Government argues. I believe that the contrary conclusion is true. The language of the will clearly and unambiguously establishes that the interest was limited only by the time of final accounting and settlement.

■ It may very well be that the decedent intended only a life estate for his wife in the payments of $500 per month or that he would have intended to give her only a life interest had he considered the possibility of his wife's death in the period between his death and the final accounting. But this is conjecture. Even the Government admits that the testator's language in article three is clear. It is an ironclad rule, one so well settled in the law as to be beyond question, that courts are bound to give effect to the literal meaning of the testator's words and not to do violence to that meaning in order to write a will for the testator which would seem to the court more sensible than the will he actually wrote. "The expressions in a will must be interpreted in their ordinary and grammatical sense; and if the language is plain and unambiguous, the Court cannot give it a different meaning in order to give effect to a mere conjecture as to the testator's intention." Hebden v. Keim, 196 Md. 45, 51, 75 A.2d 126, 129 (1950).

The impact of the third article's language is unequivocal. No matter how strange or unreasonable it may seem to pay the monthly sum to the widow's estate in the event of her death before the final accounting and settlement, the

words of the testator are clear. If he intended her to have a life estate only, as might seem sensible under the circumstances, yet failed to express his intention, it is of no consequence in interpreting article three since the testator's language is unmistakable and not subject to any other interpretation than the literal meaning of the words. The $500 payments are to be made "until * * * final accounting and * * * settlement".

See also 32 F.R.D. 445.

In view of the effect given to the testator's express language in article three of the will, I cannot find the widow's interest in the monthly payments terminable upon the contingency of her death but instead her interest vests absolutely and the monthly payments are cut off only at the time of final accounting and settlement. Therefore, I cannot find this interest in the $7,500 terminable within the meaning of Section 2056(b) and I must therefore deny the Government's motion for summary judgment. By the same token summary judgment will be entered for the plaintiff.